**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MICHAEL WARREN and CLAYTON SIMMONS,**

        **Plaintiffs,**

-vs-                                          **Case No.  6:07-cv-2043-Orl-22DAB**

**OPENMARKET, INC.; VERISIGN, INC. and M-QUBE, INC.,**

_____

## ORDER

Upon the Court's review of this case, following a hearing held on May 22, 2008, it is ORDERED as follows:

1.  Defendant Openmarket, Inc.'s Motion to Compel Arbitration and in the Alternative Motion to Dismiss and Memorandum in Support (Doc. No. 19), filed on March 7, 2008, and Defendants Verisign, Inc. and M-Qube, Inc.'s Motion to Dismiss, or in the Alternative, to Compel Arbitration and Incorporated Memorandum of Law (Doc. No. 43), filed on April 30, 2008, are GRANTED IN PART, DENIED IN PART, AND MOOT IN PART.

The motions are GRANTED insofar as they seek dismissal of Count I of the Complaint. The Court determines that amendment of the Complaint is necessary to specify which Defendants are sued by each Plaintiff and to clarify the allegations in the CFAA count regarding damage and loss. Plaintiffs are granted leave to file and serve an amended complaint on or before May 30, 2008.

The motions are DENIED insofar as they seek an order compelling arbitration. However, the Court will revisit the arbitration issue following amendment of the Complaint.

The motions are MOOT insofar as they seek dismissal of Counts II and III of the Complaint, asserting state law claims of restitution/unjust enrichment and tortious interference with contract. As discussed in paragraph 2 below, the Court declines to exercise supplemental jurisdiction over those state law claims.

2. Title 28, United States Code, Section 1367 codifies the doctrines formerly known as pendent and ancillary jurisdiction. *See Palmer v. Hosp. Auth. of Randolph County*, 22 F.3d 1559, 1562 n.3 (11th Cir. 1994); *James v. Sun Glass Hut of Cal., Inc.*, 799 F. Supp. 1083, 1084 (D. Colo. 1992). Section 1367(c) lists specific circumstances in which a district court may decline to exercise supplemental jurisdiction over a state law claim joined with a claim over which the court has original jurisdiction. The district court may refuse to exercise supplemental jurisdiction if, *inter alia*, the state claim raises a "novel or complex issue of State law" or "substantially predominates over" the claim over which the Court has original jurisdiction. 28 U.S.C. § 1367(c)(1) & (2). Additionally, a district court may decline to exercise jurisdiction over a state claim if "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." § 1367(c)(4). If, after examining the factors listed in § 1367(c), the district court "decides that it has the discretion . . . to decline jurisdiction . . . it should consider the traditional rationales for pendent jurisdiction, including judicial economy and convenience, in deciding whether or not to exercise that jurisdiction." *Palmer*, 22 F.3d at 1569.

Courts considering supplemental jurisdiction have declined to exercise jurisdiction in cases in which the state claims require different or foreign elements of proof. *See James*, 799

F. Supp. at 1085 (declining to exercise supplemental jurisdiction over employee's state law claims where they substantially predominated over ADEA claim); *Gregory v. S. New England Tel. Co.*, 896 F. Supp. 78, 84 (D. Conn. 1994) (declining to exercise supplemental (pendent party) jurisdiction over employee's state law claim against manager, where Title VII claim against manager had been dismissed and allegations against manager were wholly distinct from those against remaining defendant). Additionally, courts in this circuit have hesitated to exercise pendent jurisdiction over state claims which would only serve to introduce jury confusion and delay. *See Bennett v. S. Marine Mgmt. Co.*, 531 F. Supp. 115, 117-18 (M.D. Fla. 1982) (combining Title VII and state tort and contract claims would cause confusion and delay, which is at odds with important federal policies underlying Title VII); *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1982) (affirming trial judge's exercise of discretion not to assert pendent party jurisdiction and deference to state court's resolution of the state law claim of assault and battery).

Plaintiffs' state law claims alleging restitution/unjust enrichment and tortious interference involve elements of proof distinctly different from those associated with Plaintiffs' federal claim. Moreover, the Court is convinced that trying the federal and state claims together would present a substantial risk of jury confusion. Finally, the Court determines that the state law claims substantially predominate over the federal claim. Accordingly, after considering the other factors identified in *Palmer v. Hospital Authority of Randolph County*, the Court determines that the exercise of supplemental jurisdiction over the state law claims would not be appropriate in this case.

Based on the foregoing it is ORDERED that Counts II and III of the Complaint are DISMISSED, WITHOUT PREJUDICE.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on May 22, 2008.

Copies furnished to:

Counsel of Record
Unrepresented Party

_____
ANNE C. CONWAY
United States District Judge