UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MICHAEL WARREN and CLAYTON
SIMMONS, individually and on
behalf of a class of similarly situated
individuals,**

    **Plaintiffs**

vs.                                        Case No. 6:07-cv-2043-ORL-22-DAB

**OPENMARKET, INC., a Michigan
corporation, VERISIGN, INC., a
Delaware corporation and M-QUBE,
INC., a Delaware corporation.**

    **Defendants.**
_____/

## Motion for Order of Voluntary Dismissal Without Prejudice

Pursuant to Fed. R. Civ. P. 41(a)(2), Plaintiffs Michael Warren and Clayton Simmons move for an order dismissing this action without prejudice, each of the parties to bear their own fees and costs and, in support of that relief, state:

1. Plaintiffs allege that at various times, they received cell phone service from third-party AT&T and were wrongfully charged by these Defendants on their cell phone bills for certain premium, mobile content charges that Plaintiffs claim they did not order. After bringing claims under the Computer Fraud and Abuse Act, 18 U.S.C. §1030 (Complaint, Count I), and claims arising under Florida law for unjust enrichment

(Count II) and intentional interference with contractual relations (Count II), Plaintiffs sought certification of classes of Florida consumers who Plaintiffs claim were wrongfully charged in a similar manner.

2. The Court on May 22 conducted a hearing on Defendants' motions to dismiss and, in a written order, directed that Count I be pled with additional specificity. With respect to Count II and III, the Court declined to exercise supplemental jurisdiction over those state-law claims.

3. On May 30, 2008, Plaintiffs' counsel KamberEdelson, LLC commenced the case styled *Tracie McFerren v. AT&T Mobility, LLC,* Fulton County Superior Court Case No.08-CV-151322. The plaintiff in that case sought to certify, for settlement purposes, a national class of consumers who claimed to have been wrongfully charged through their AT&T cell phone bills for premium, mobile content charges that those consumers claimed they had not ordered. On May 30, the Fulton County Superior Court entered its order, copy attached, tentatively certifying the national class and approving the settlement. The court also set a final hearing for December 8, 2008, to consider motions to finally approve the proposed settlement and its implementation.

4. Any final approval of the settlement in *McFerren* will resolve Plaintiffs' individual claims, and will resolve many of their fellow putative class members' claims asserted in this case, because in settling their claims against AT&T, settling consumers under the current form of the proposed settlement will also be releasing any claims they may have against mobile content providers and aggregators, such as these Defendants.

5. The continued prosecution and defense of this case and its claims under these circumstances and at this time is therefore not a proper use of the Court's or the parties' resources. On the other hand, it is desirable for the parties to be able to preserve the *status quo* in the event that the proposed settlement in *McFerren* is either not finally approved or is modified. This action should accordingly be dismissed without prejudice, each of the parties to bear their own costs of suit, attorney's fees and other litigation expenses.

**WHEREFORE**, Plaintiffs move for entry of an order dismissing this action without prejudice, each party to bear their own fees and costs, and such other and further relief that is just and appropriate.

| | |
|---|---|
| /s/ David P. Healy | /s/Myles McGuire |
| David P. Healy (940410) | Myles McGuire (*pro hac vice*) |
| 2846-B Remington Green Cr. | KAMBEREDELSON, LLC |
| Tallahassee, FL 32308 | 53 W. Jackson Blvd, Ste 1530 |
| (850) 222-5400 | Chicago, Illinois 60604 |
| (850) 222-7339 (fax) | (312) 589-6370 |
| dhealy@nettally.com | (312) 873-4610 (fax) |
| | mmcguire@kamberedelson.com |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 13, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/   David   P.   Healy