IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

TRACIE MCFERREN, individually and on behalf )
of a class of similarly situated individuals, )
)
                     Plaintiff, )   No. 2008-CV-151322
)
v. )   Business Court
)
AT&T MOBILITY LLC, )
)
                     Defendant. )

[Stamp: COPY FILED IN OFFICE MAY 30 2008 DEPUTY CLERK SUPERIOR COURT FULTON COUNTY, GA]

## ORDER ON CLASS CERTIFICATION AND PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT

On May 30, 2008, counsel appeared before the Court by telephone to present argument on Plaintiff's Motion and Memorandum in Support of Preliminary Approval of Class Action Settlement (the "Memorandum") in this nation-wide class action. After having reviewed the record of the case, the Memorandum, and the representations of Counsel, the Court finds as follows:

1. This Court has personal jurisdiction over the proposed Settlement Class and subject matter jurisdiction over this action.

2. The Court finds that the (a) the proposed settlement, the Class Action Settlement Agreement listed as Exhibit A to the Memorandum (the "Proposed Settlement") resulted from arm's length negotiations; (b) the Proposed Settlement is within the range of possible recovery, (c) the litigation of this case, if it did not settle, would likely be complex, expensive, and lengthy; (d) the case is in its preliminary litigation stages, but has benefited from the motions practice pursued in other similarly situated class actions involving similar allegations; and (e) the amount and substance of

objections to the Proposed Settlement are not likely to be significant in light of the estimated size of the class and the terms of the settlement. Therefore, the Court finds that the Proposed Settlement warrants (i) preliminary certification of the settlement class (as set forth in Par 4 below); (ii) dissemination of notice to the class of the Proposed Settlement (as set forth in Par 11 below); and (iii) the scheduling of a hearing for final approval of the Proposed Settlement.

3. The Court grants preliminary approval to the Proposed Settlement and finds that the requirements of O.C.G.A § 9-11-23 for maintenance of this action as a class action have been satisfied in all respects.

4. Based on the stipulation of the Parties on the record that for the purposes of settlement, the Court finds that the class is so numerous that joinder is impracticable, there are questions of law and fact common to the class, the claims of the representative parties are typical of the claims of the class, the representative parties will fairly and adequately protect the interests of the class, and that the questions of law and fact common to the class predominate over individual questions making a class action the superior method for the adjudication of the controversy, the following persons are hereby certified as the class (the "Settlement Class"):

> All current and former AT&T Mobility Account Holders Nationwide who, at any time from January 1, 2004 to the Notice Date, were billed for Third Party Mobile Content. Excluded from the Class are the following: the Defendant, the Third Party Providers, the Claims Administrator, the Mediator, and any of their respective parent, subsidiary, affiliate or control person of the Defendant, as well as the officers, directors, agents,

servants, or employees of the Defendant, any trial judge presiding over this case over any of the actions which comprise the Action or Coordinated Actions, and the immediate family members of any such Person(s).

5. The Court has reviewed the form, content, and manner of notice proposed by the Parties, including the publication notice and full notice proposed by the Parties, attached hereto as Exhibits A-C. The Court finds that the proposed form and content of the proposed notices and the manner of providing notice to the Settlement Class as outlined in the Settlement Agreement and the Parties' filings (which includes, inter alia, a combination of direct bill inserts, internet publication, notice by publication in national publications, and press releases for national news sources), is the best notice that is reasonably practicable under the circumstances, including, but not limited to, the size of the Settlement Class, to apprise such members: (i) of the pendency of this action; (ii) of their right to exclude themselves from the proposed settlement; (iii) that any member of the Settlement Class that does not exclude his or herself from the Proposed Settlement may object to the settlement; (iv) that any member of the Settlement Class may appear at the hearing on Final Approval of the Settlement; and (v) that any judgment will include all members of the Settlement Class who do not request exclusion from the Proposed Settlement.

6. In light of the foregoing, the Court concludes that the terms of the proposed Settlement Agreement are fair, reasonable, and adequate so as to warrant this Court's preliminary approval of the Proposed Settlement and form of notice.

7. The Court finds that Tracie McFerren, Morris Fiddler and Kristen Hensley will adequately represent the interests of the Settlement Class, and are hereby designated as class representatives for the Settlement Class.

8. The Court finds that Class Counsel, who are experienced and competent, will fairly and adequately represent the Settlement Class and are hereby appointed to represent the Settlement Class:

<u>Lead Class Counsel</u>:
Jay Edelson
Myles McGuire
KamberEdelson, LLC
53 W. Jackson Blvd., Ste. 1530
Chicago, IL 60604

Scott A. Kamber
KamberEdelson, LLC
11 Broadway, 22nd Floor
New York, NY 10004

<u>Liaison Counsel</u>:
David W. Boone
William S. Stone
Aileen Page
Boone & Stone
3166 Mathieson Dr.
Atlanta, GA 30305

9. In addition a Plaintiffs' Steering Committee is hereby appointed as follows:

<u>Plaintiffs' Steering Committee</u>:
Robert Shelquist (Chairman)
Lockridge Grindal Nauen, L.L.P.
100 Washington Avenue
Suite 2200
South Minneapolis, MN 55401

Oren Giskan
Giskan, Solotaroff, Anderson & Stewart, LLP,
11 Broadway, Suite 2150
New York, NY 10004

David Healey
Law Offices of David P. Healey, PL
2846-B Remington Green Cr.
Tallahassee, FL 32308

John G. Jacobs
The Jacobs Law Firm, Chtd.
122 S Michigan Ave
Suite 1850
Chicago, IL 60603

10. Subject to the conditions of the Settlement Agreement, Rust Consulting is

appointed to act as Claims Administrator.

11. Defendant will cause notice in the forms attached hereto as Exhibits A-C respectively to be disseminated upon entry of this Order as follows: (i) to be posted on the Internet at www.ThirdPartyContentRefund.com within three (3) days of this Order; (ii) by publication in USA TODAY WEEKEND and PARADE by August 28, 2008; and (iii) directly by mail to all current customers with their next billing statement by September 27, 2008.

12. Any request to be excluded from the Settlement Class (*i.e.*, opt out) must be mailed on or before November 3, 2008, to the Claims Administrator at its designated address.

13. Any objections or comments to the proposed Settlement Agreement must be mailed on or before November 3, 2008, to the Claims Administrator at its designated address and file a copy with the Clerk of the Court at:

Clerk of the Court
Superior Court of Fulton County
136 Pryor Street S.W., Room C-155
Atlanta, GA 30303

14. A final approval hearing will be held on **December 8, 2008, at 10:00 a.m. in Courtroom 9J**, located at 136 Pryor Street, SW, Atlanta, GA 30303. At that time, the Court will determine: (i) whether this action shall be finally certified as a class action for settlement purposes; (ii) whether the settlement should be finally approved as fair, reasonable, and adequate; (iii) whether this action should be dismissed with prejudice under the terms of the Settlement Agreement; (iv) whether members of the Settlement Class are bound by the Release in the Settlement Agreement; and (v) whether the Application of Plaintiffs' Counsel for an award of attorneys' fees and expenses should

be approved. The parties' memoranda in support of the Proposed Settlement must be filed with the Court on or before November 17, 2008.

15. Any member of the Settlement Class who wishes to receive a Settlement Benefit under the Proposed Settlement must submit a timely claim form. Claim Forms must be received by the Claims Administrator on or before ninety (90) days after the entry of Final Judgment.

**SO ORDERED** this 30th day of May, 2008.

*Alice D. Bonner*
ALICE D. BONNER, SENIOR JUDGE
Superior Court of Fulton County
Atlanta Judicial Circuit

**COPIES SENT TO:**

**Lead Class Counsel:**

Jay Edelson
Myles McGuire
KamberEdelson, LLC
53 W. Jackson Blvd., Ste. 1530
Chicago, IL 60604

Scott A. Kamber
KamberEdelson, LLC
11 Broadway, 22nd Floor
New York, NY 10004

**Liaison Counsel:**

David W. Boone
William S. Stone
Aileen Page
Boone & Stone
3166 Mathieson Dr.
Atlanta, GA 30305

**Plaintiffs' Steering Committee:**

Robert Shelquist (Chairman)
Lockridge Grindal Nauen, P.L.L.P.
100 Washington Avenue
Suite 2200
South Minneapolis, MN 55401

Oren Giskan
Giskan, Solotaroff, Anderson & Stewart, LLP,
11 Broadway, Suite 2150
New York, NY 10004

David Healey
Law Offices of David P. Healey, PL
2846-B Remington Green Cr.
Tallahassee, Florida 32308

John G. Jacobs
The Jacobs Law Firm, Chtd.
122 S Michigan Ave
Suite 1850
Chicago, IL 60603

**Counsel for Defendant:**

David L. Balser, Esq.
McKenna Long & Aldridge LLP
303 Peachtree ST. NE, Suite 5300
Atlanta, Georgia 30308
(404) 527-4170
(404)527-4198 (fax)
dbalser@mckennalong.com

# Exhibit A

NOTICE OF PENDENCY OF CLASS ACTION SETTLEMENT

IN THE SUPERIOR COURT OF FULTON COUNTY- STATE OF GEORGIA
*Tracie McFerren v. AT&T Mobility LLC,* Case No. _____

>> **Click Here to Make a Claim**<<
>>**Click Here to Download a Paper Claim Form**<<
(You must submit a claim form by _____)
>>**Click Here to Download a Copy of the Settlement Agreement**<<

**IF YOU WERE BILLED FOR THIRD PARTY MOBILE CONTENT ON YOUR
AT&T MOBILITY ACCOUNT FROM JANUARY 1, 2004 TO _____**

IMPORTANT

PLEASE READ THIS NOTICE CAREFULLY
THIS NOTICE RELATES TO THE PENDENCY OF CLASS ACTION LITIGATION
AND IF YOU ARE A CLASS MEMBER CONTAINS
IMPORTANT INFORMATION ABOUT YOUR RIGHTS TO MAKE A CLAIM UNDER THE
SETTLEMENT OR TO OBJECT TO THE SETTLEMENT

The Superior Court of Fulton County, State of Georgia authorized this notice. This is not a solicitation from a lawyer.

**What Is This?** This notice is to inform you of the proposed Settlement of a lawsuit pending in Georgia. The Court has granted preliminary approval of the settlement and has certified the Settlement Class defined above, subject to a fairness hearing which will take place on [date] at [time] in Courtroom [number], [Court name] to determine if the proposed Settlement is fair, reasonable and adequate and to consider the request for attorneys' fees and expenses.

Similar lawsuits were filed and are pending in state and federal courts in California, Illinois, Minnesota, and New York. These lawsuits relate to the sale, marketing and billing of third party mobile content to AT&T Mobility LLC ("AT&T" or "AT&T Mobility") wireless telephone subscribers.

This notice explains the nature of the lawsuit and the terms of the settlement and informs you of your legal rights and obligations.

By settling this lawsuit, AT&T Mobility is not admitting that it is liable to the Settlement Class.

You have options, explained below.

**What is Third Party Mobile Content?** Third party mobile content is a product (such as ringtones, games, graphics and news or other alerts) that may be purchased and downloaded to your wireless device and is advertised, marketed and sold directly by a third party content

provider/merchant other than AT&T Mobility. Third party mobile content is not advertised, marketed or directly sold by AT&T Mobility.

**Who is in the Settlement Class?** You are a member of the Settlement Class and your rights are affected if you are a person (or entity) in the United States or its Territories with an AT&T Mobility account, and who was billed for third party mobile content from January 1, 2004 to [date] and were not previously refunded for this charge.

**What is the Litigation About?** Plaintiffs filed a class action in the Superior Court of Fulton County, Georgia, on behalf of a proposed class, alleging that AT&T Mobility charged its wireless subscribers for third party mobile content that was not authorized. Similar lawsuits were filed and are pending in state and federal courts throughout the county, including in California, Illinois, Minnesota, New York and other states. These class actions likewise allege that AT&T Mobility charged its subscribers for third party mobile content that was not authorized. You need not live in any of these States to receive a benefit under the proposed settlement. The Georgia class action asserts claims for breach of contract and violation of state consumer protection statutes and seeks monetary and injunctive relief. To resolve this matter without the expense and uncertainties of litigation in several class actions, the Parties have reached a proposed settlement. The settlement requires AT&T Mobility to implement certain service improvements, assurances, and monetary relief under specific circumstances. This settlement is not an admission of wrongdoing by any party.

**What Relief is Provided To Class Members Under The Settlement?**

**A.     Relief for All Settlement Class Members – AT&T Mobility Service Improvements & Assurances.** AT&T Mobility has agreed to provide disclosures regarding mobile content in its Wireless Customer Service Agreement and on its website. In addition, AT&T Mobility will provide a telephone number and website address in all bills for customers who seek to dispute a charge. AT&T Mobility has further agreed to provide and enhance as necessary the means for its customers to freely address billing inquiries related to Third Party Mobile Content.

**B.     Relief for Settlement Class Members Filing Claims.** In addition to the above-described service improvements, all Settlement Class members are entitled to individual relief with respect to the Settlement. AT&T Mobility has agreed to refund the amount of all eligible third party mobile content charges that were billed from January 1, 2004 to [date], and subject to the limitations concerning subscriptions that follow. These refunds will be provided to the Settlement Class members as follows:

    1.     *Refunds.* AT&T Mobility shall credit or refund to any former or current account holder all unauthorized charges for third party mobile content from January 1, 2004 to [date]. The refund can come in one of two forms: (1) a credit on your AT&T Mobility bill; or (b) a cash payment via first-class mail. In order to obtain this relief you must properly submit either an on-line or paper claim form by **[date]** and follow the instructions contained on the respective form and contained in this notice.

2. *Subscription Charge Refund.* AT&T Mobility shall refund to any former or current account holder up to three times the monthly subscription amount if the charge was recurring on a monthly or other basis based on a subscription or similar arrangement from January 1, 2004 to **[date]**. The refund can come in one of two forms: (1) a credit on your AT&T Mobility bill; or (b) a cash payment via first-class mail. In order to obtain this relief you must properly submit either an on-line or paper claim form by **[date]** and follow the instructions contained on the respective form and contained in this notice.

To be eligible for any refund, the charges must have been unauthorized and not previously refunded to your account.

**What are my Legal Rights?**

*How Do I File A Claim for a Refund or Subscription Charge Refund?*
If you were billed for unauthorized third party mobile content on your AT&T Mobility account from January 1, 2004 until **[date]**, you may submit a claim form to obtain the "refunds" and/or the "subscription charge refund" described above. To receive any refund you must properly submit an on-line claim form by going to www.ThirdPartyContentRefund.com. If you do not have access to the internet, you may obtain a claim form by downloading [insert link] and printing it out or by calling the toll-free number and requesting a copy from the Claims Administrator. You must then mail a completed paper claim form to the Claims Administrator. **Either the on-line form must be submitted or the paper form must be postmarked by [INSERT DATE] or your claim will be rejected.** Follow the steps below to make claim for a Refund or Subscription Claim Refund.

> **Step 1 – Identify Unauthorized Third party Mobile Content Billed and Paid for By You.** Identify third party mobile content charges that were billed by AT&T Mobility from January 1, 2004 to [date]. This information is located on your AT&T Mobility wireless bill. The claim form will ask you to specifically identify the third party mobile content charges that you seek to have refunded.
>
> **Step 2 – Complete a Claim Form.** You must complete all information requested in the claim form and verify that the charges are unauthorized as well as the accuracy of the information provided in the claim form. Claim forms that are incomplete or are not signed will be rejected.
>
> **Step 3 – Submit On-Line Form or Mail Paper Form to Claims Administrator.** Submit the completed on-line claim form following the instructions for submission or mail the completed claim form to the claims administrator.

*What Happens After a Claim Form is Filed?*
Upon receipt, the Claims Administrator will review your claim form and determine whether you have eligible charges and are a member of the Settlement Class. If your claim is approved, the Claims Administrator will mail you a cash refund check via first-class mail or instruct AT&T Mobility to credit the proper amount to your account. You will then be bound by all orders and judgments of the Court and your claims against AT&T Mobility and other entities, including

VeriSign, Inc., M-Qube, Inc., Jamster International SARL, and Mblox, Inc., for the conduct alleged in these actions will be resolved and released. If your claim is rejected by the Claims Administrator or challenged by AT&T Mobility, you will be notified of the reasons for the denial or challenge. If your initial claim is denied, you will be given the opportunity to appeal this decision. A full explanation of this process is set out in the Settlement Agreement.

The Claims Administrator may consider numerous factors in its review of your claim, which are fully set out in the Settlement Agreement.

*How Not to Participate in the Settlement Class*
If you do not wish to be a member of the Settlement Class, you may exclude yourself by writing to the Claims Administrator. You must provide your full name and address, state that you want to opt out of the AT&T Mobility settlement, and deliver your request by mail, hand, or overnight delivery service to the Claims Administrator, at [address]. Your request *must* be postmarked no later than [date].

*How Do I Object to the Settlement?*
The Court will hold a Fairness Hearing to determine if the proposed Settlement is fair, reasonable and adequate and to consider a motion for attorneys' fees and expenses on [date] at [time] in Courtroom [number], [Court name]. If you remain a member of the Settlement class you or your counsel have the right to appear before the Court and object to the Settlement. However, you must file a Notice of Intention to Appear and Object. All objections *must* be filed by [date]. You must (1) provide your full name and address; (2) include all arguments, citations, and evidence supporting your objection; (3) specify who, if anyone, will attend the hearing to speak for your objection; (4) deliver your objection by mail, hand, or overnight delivery service to the Claims Administrator to the address listed above; and (5) file a copy of your objection with the Clerk of Court.

**If I Remain in the Settlement Class, Who Represents Me?**
The Court has approved the following team of attorneys to represent the Settlement Class. They are called "Class Counsel." You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

**Lead Class Counsel:**

| | |
|---|---|
| Jay Edelson | Scott A. Kamber |
| Myles McGuire | KamberEdelson LLC |
| KamberEdelsonLLC | 11 Broadway, 22nd Fl |
| 53 W. Jackson Blvd. | New York, NY 10004 |
| Suite 550 | Tel: [toll free number] |
| Chicago, IL 60604 | |
| Tel: [toll free number] | |

**Liaison Counsel:**
David W. Boone
William S. Stone
Aileen Page

Boone & Stone
3166 Mathieson Dr.
Atlanta, GA 30305

**Plaintiff's Steering Committee:**
Robert Shelquist (Chairman)
Lockridge Grindal Nauen PLLP
100 Washington Avenue, Suite 2200
South Minneapolis, MN 55401-2197

Orin Giskan
Giskan, Solotaroff, Anderson & Stewart
11 Broadway, Suite 2150
New York, NY 10004

David Healey
Law Offices of David P. Healey
2846-B Remington Green Cir
Tallahassee, FL 32308

John G. Jacobs
The Jacobs Law Firm, Chtd.
122 South Michigan Ave., Suite 1850
Chicago, IL 60603

**What is the Plaintiff's Attorneys' Fees Award?**
The Court has appointed a team of 10 attorneys involved in 16 related class actions to represent the Plaintiffs ("Class Counsel") against AT&T Mobility and/or other entities including VeriSign, Inc., M-Qube, Inc., Jamster International SARL, and Mblox, Inc., and will request approval of the Court for attorney's fees and costs of up to $4.3 Million. If approved by the Court, this amount will be paid directly by AT&T Mobility to Class Counsel and will not reduce any benefit to you from the settlement.

**What is the Award To Class Representatives?**
The Court has appointed Tracie McFerren, Morris Fiddler and Kristen Hensley as Class Representatives, who along with additional named Plaintiffs in the related cases, will share $10,000 for their service as class representatives. If approved by the Court, this amount will be paid directly by AT&T Mobility to the Class Representatives and will not reduce the benefit to you from the settlement.

**Who Is Paying the Costs Associated with the Settlement?**
Costs associated with the notice and administration of this settlement will be paid by AT&T Mobility.

**What Claims Are Being Released in this Settlement?**
Unless you exclude yourself from the settlement, you will be part of the Settlement Class. By

staying in the Settlement Class, all of the Court's orders will apply to you, and you will give AT&T Mobility, VeriSign, Inc, M-Qube, Inc., Jamster International SARL, and Mblox, Inc. and all of their affiliated companies and their predecessors and successors (the "Released Parties"), a "release" for certain claims arising from or relating to the unauthorized mobile content which you have been billed for from the beginning of time until the Effective Date of the Settlement Agreement. A release means you cannot sue or be part of any other lawsuit against the Released Parties about the claims or issues in this Lawsuit ever again. To read the full release, see the Settlement Agreement.

**What Is Class Counsel's Opinion Of The Settlement?**
As part of this litigation, the Court approved and appointed Class Counsel who have conducted investigation into the factual and legal claims of the Settlement Class members and the defenses that might be asserted against those claims. Class counsel completed a five-day mediation before Rodney Max, Esquire, of the Upchurch Watson White & Max Mediation Group, who in his capacity as neutral mediator expressed his views about the case and the settlement. Based on their investigation and this process, Class Counsel believe that the settlement is fair, reasonable and adequate and in the best interests of the Settlement Class. Class Counsel and Plaintiff also recognize the expense and length of continued proceedings necessary to continue to prosecute this case through verdict, judgment and appeals and have taken into account the uncertainty and the risk of the outcome of continued litigation, especially in complex actions such as these as well as the difficulties and delays inherent in such actions.

**When Will the Court Determine the Fairness of the Settlement?**
A hearing will be held on the fairness of the proposed settlement. At the hearing, the Court will be available to hear any objections and arguments concerning the fairness of the proposed settlement, including the amount of the award to Plaintiffs' counsel for costs and attorney's fees. The Court will hold the Fairness Hearing on [date] at [time] in Courtroom [number], [Court name]. YOU ARE NOT OBLIGATED TO ATTEND THIS HEARING UNLESS YOU PLAN TO OBJECT TO THE SETTLEMENT.

If the settlement is not approved, the case will proceed as if no settlement had been attempted. There can be no assurance that if the settlement is not approved, the Settlement Class will recover more than is provided in the settlement, or indeed, anything.

**May I Contact AT&T Mobility Directly?**
Class Members are always able to call customer service to discuss third party mobile content charges made to their accounts. Calling customer service will not prohibit a Class Member from participating in the claims process.

**Where Can I Obtain More Information?**
Any questions you or your attorney may have concerning this notice should be directed to Class Counsel at the address listed above, or you can contact the Claims Administrator at [address, 1-877-465-4797, email]. Please include the case name and number, and your name and your current return address on any letters, not just the envelopes. **You may also contact Lead Class Counsel at [toll free number]. You may also read the Settlement Agreement by downloading it from this site or by requesting a copy from the Claims Administrator.**

- 7 -

**Please do not contact the Court Clerk or the Defendant's Attorneys as they are not in a position to give you any advice about this settlement.**

By Order of the Court Dated: May 30, 2008
SUPERIOR COURT OF FULTON COUNTY,
STATE OF GEORGIA

# Exhibit B

**If You Were Billed for Third Party Mobile Content (such as Ringtones, Games, Graphics, News and Other Alerts) on Your AT&T Mobility Account from January 1, 2004 to _____, You May Receive a Credit or Refund From a Class Action Lawsuit. Please Read This Legal Notice.**

*Para Una Notificacioin en Espanol, Llamar or Visitar Nuestro Website*

## NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT

This notice is to inform you of the proposed Settlement of several similar lawsuits. These lawsuits relate to the sale, marketing and billing of third party mobile content such as ring tones and news alerts to AT&T Mobility wireless telephone subscribers.

This notice is a summary only. You should read the Full Notice for complete information. You can get a copy of the Full Notice by visiting the Web site, calling the toll-free number listed, or writing to the address listed below.

**What is Third Party Mobile Content?**
Third party mobile content is a product (such as ringtones, games, graphics and news or other alerts) that may be purchased and downloaded to your wireless device and is advertised, marketed and sold directly by a third party content provider/merchant other than AT&T Mobility. Third party mobile content is not advertised, marketed or directly sold by AT&T Mobility LLC ("AT&T Mobility").

**Who is Involved?**
You are a member of the Settlement Class and your rights are affected if you are a person (or entity) in the United States or its Territories with an AT&T Mobility (previously known as Cingular Wireless) account who was billed for third party mobile content from January 1, 2004 to [date] and were not previously refunded for this charge.

**What is the Case About?**
Plaintiffs claim that Defendants charged AT&T Mobility subscribers for third party mobile content that was not authorized. AT&T Mobility denies these claims but are settling to avoid the burden and cost of continuing the case.

**What are the Terms of the Settlement?**
AT&T Mobility has agreed to refund the amount of all eligible third party mobile content charges that were billed for between January 1, 2004 to [date]. If the charge was recurring on a monthly or other basis based on a subscription or similar arrangement, you may only recover up to three times the amount of any such monthly charge. To be eligible for any refund, the charges must have been unauthorized and not previously refunded to your account. AT&T has also agreed to take steps to inform its customers about mobile content, the ability to restrict its purchase through parental controls, and methods for its customers to dispute unauthorized charges and cancel mobile content subscriptions. The settlement is not an admission of wrongdoing by any party.

**Who Represents Me?**
The Court has appointed a team of 10 attorneys ("Class Counsel") to represent you for 16 related cases against AT&T and/or other entities. As part of the settlement, Class Counsel will request an award of attorneys' fees and expenses not to exceed $4,300,000 payable by AT&T Mobility. No award of fees or expenses will reduce the benefit to any Class Member. The Court has also appointed three Class Representatives who will share an award of $10,000 for their services. You may hire your own lawyer, but at your own expense.

**What are my Legal Rights?**
• *Stay in the Settlement Class:* You do not have to do anything to stay in the Class, but you must submit a Claim Form to receive a credit or refund. You may also object to the proposed Settlement.
• *Submit a Claim Form for a credit/refund:* If you wish to file a claim, you must complete a Claim Form. Claim Forms **must** be postmarked by **[date]**. The Claims Administrator will review your Claim Form and determine whether you have eligible charges and are therefore a member of the Settlement Class.
• *Object to the proposed Settlement:* You or your lawyer have the right to appear before the Court and object to the proposed Settlement. Your written objection must be postmarked by **[date]**.
• *Exclude Yourself from the Settlement Class:* If you do not wish to be a member of the Settlement Class, you may exclude yourself by writing to the Claims Administrator. Your request **must** be postmarked by **[date]**.

If you remain in the Settlement Class and the Court approves the proposed Settlement, you will receive the benefits of the proposed Settlement. You will also be bound by all orders and judgments of the Court and your claims against AT&T Mobility and other entities, including VeriSign, Inc., M-Qube, Inc., Jamster International SARL, and Mblox, Inc., for the conduct at issue in these cases will be resolved and released.

**When will the Court Consider the Proposed Settlement?**
The Court will hold a Fairness Hearing to determine if the proposed Settlement is fair, reasonable and adequate and to consider a motion for attorneys' fees and expenses on [date] at [time] in Courtroom [number], [Court name]. If comments or objections have been received, the Court will consider them at this time.

For more information about the proposed Settlement and a copy of the Full Notice and Claim Form, visit: www.ThirdPartyContentRefund.com, call: 1-877-465-4797, write to: Claims Administrator [address] or contact Lead Class Counsel: Jay Edelson, Scott A. Kamber, & Myles McGuire, KamberEdelson, LLC, 53 W. Jackson, Ste. 550, Chicago, IL 60604 [toll free number]

By Order of the Court Dated: May 30, 2008

SUPERIOR COURT OF FULTON COUNTY, GEORGIA

# Exhibit C

# Attention Customers:
## You may be eligible to receive a credit or refund for unauthorized mobile content charges.
## Please read this legal notice.
*Para Una Notificacioin en Espanol, Llamar or Visitar Nuestro Website*

### What is this notice about?
Certain AT&T/Cingular customers are eligible to obtain refunds for unauthorized purchases of third party mobile content, such as ringtones, graphics, games and news or other alerts ("Mobile Content") because of a proposed Settlement of a class action lawsuit. This notice is just a summary. You should read the Full Notice for complete information. You can get a copy of the Full Notice by visiting the Web site, calling the toll-free number or writing to the address listed below.

### What is the case about?
Plaintiffs claim that Defendants charged AT&T Mobility subscribers for third party mobile content that was not authorized. AT&T Mobility, which was formerly known as Cingular, has entered into a proposed settlement agreement in a class action lawsuit about the marketing, advertising and billing practices of certain third party mobile content providers. AT&T Mobility denies these claims but are settling to avoid the burden and cost of continuing the case.

### What will I get?
As part of the agreement, AT&T Mobility is offering to provide account holders with credits or refunds for unauthorized mobile content purchases made from January 1, 2004 to [date] that have not been previously refunded. AT&T has also agreed to take steps to inform its customers about mobile content, the ability to restrict its purchase through parental controls, and methods for its customers to dispute unauthorized charges and cancel mobile content subscriptions. The settlement is not an admission of wrongdoing by any party.

### How do I know if I am eligible for a credit or refund?
If AT&T/Cingular has billed your account for the purchase of a third party mobile content that you did not authorize, you may be entitled to receive a refund for these charges. If a charge was recurring on a monthly or other basis based on a subscription or similar arrangement, you may only recover up to three times the amount of the recurring charge as to this type of charge.

### Who represents me?
The Court has appointed a team of 10 attorneys ("Class Counsel") to represent you for 16 related cases against AT&T and/or other entities. As part of the settlement, Class Counsel will request an award of attorneys' fees and expenses not to exceed $4,300,000 payable by AT&T Mobility. No award of fees or expenses will reduce the benefit to any Class Member. The Court has also appointed three Class Representatives who will share an award of $10,000 for their services. You may retain your own counsel, but only at your own expense.

### What are my Legal Rights?
• *Stay in the Settlement Class:* You do not have to do anything to stay in the Class, but you must submit a Claim Form to receive a credit or refund. You may also object to the proposed Settlement.
• *Submit a Claim Form for a credit/refund:* If you wish to file a claim, you must complete a Claim Form. Claim Forms *must* be postmarked by [date]. The Claims Administrator will review your Claim Form and determine whether you have eligible charges and are therefore a member of the Settlement Class.
•*Object to the proposed Settlement:* You or your lawyer have the right to appear before the Court and object to the proposed Settlement. Your written objection must be postmarked by [date].
•*Exclude Yourself from the Settlement Class:* If you do not wish to be a member of the Settlement Class, you may exclude yourself by writing to the Claims Administrator. Your request *must* be postmarked by [date].

If you remain in the Settlement Class and the Court approves the proposed Settlement, you will receive the benefits of the proposed Settlement. You will also be bound by all orders and judgments of the Court and your claims against AT&T Mobility and other entities, including VeriSign, Inc., M-Qube, Inc., Jamster International SARL, and Mblox, Inc., for the conduct at issue in these cases will be resolved and released.

### When will the Court Consider the Proposed Settlement?
The Court will hold a Fairness Hearing to determine if the proposed Settlement is fair, reasonable and adequate and to consider a motion for attorneys' fees and expenses on [date] at [time] in Courtroom [number], [Court name]. If comments or objections have been received, the Court will consider them at this time.

For more information about the proposed Settlement and a copy of the Full Notice and Claim Form, visit: www.ThirdPartyContentRefund.com, call: 1-877-465-4797, write to: Claims Administrator [address] or contact Lead Class Counsel: Jay Edelson, Scott A. Kamber, & Myles McGuire, KamberEdelson, LLC, 53 W. Jackson, Ste. 550, Chicago, IL 60604 [toll free number]

By Order of the Court Dated: May 30, 2008

SUPERIOR COURT OF FULTON COUNTY, GEORGIA